HLD-011                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1641
_____

IN RE: ENOS HERSHBERGER,
                                                         Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Civ. No. 2:24-cv-00520)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.

May 15, 2025
Before: CHAGARES, Chief Judge, HARDIMAN, and PORTER, Circuit Judges

(Opinion filed June 12, 2025)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Enos Hershberger filed a pro se petition for a writ of mandamus compelling the District Court to rule on his petition for a writ of habeas corpus under 28 U.S.C. § 2254. We will deny the petition.

Hershberger filed a § 2254 petition in April 2024. The Magistrate Judge to whom the case was assigned to prepare a report and recommendation granted the Government an extension of time to respond, and the Government timely filed its response and accompanying motion to dismiss on August 12, 2024. Hershberger filed his brief in support of his reply on September 17, 2024. He has since filed a motion for summary judgment and rule to show cause seeking an immediate ruling on his § 2254 petition or an explanation to him from the Court as to why it has not yet ruled. The assigned Magistrate Judge denied Hershberger's rule to show cause.

A writ of mandamus is a drastic remedy that is available only in extraordinary cases. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378–79 (3d Cir. 2005). Generally, mandamus is a means "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." Id. at 378 (quoting In re Patenaude, 210 F.3d 135, 140 (3d Cir. 2000)). Hershberger must show that he has no other adequate means to obtain relief and that he has a clear and indisputable right to the writ. See Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam). While district courts have discretion over docket management, see In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982), a writ of

2

mandamus may be warranted where "undue delay is tantamount to a failure to exercise jurisdiction[.]" <u>Madden v. Myers</u>, 102 F.3d 74, 79 (3d Cir. 1996).

In this case, the Magistrate Judge has exercised jurisdiction, granted the Government's request for extension of filing deadlines, and timely denied Hershberger's motions for summary judgment and rule to show cause. We therefore cannot conclude that any delay in deciding Hershberger's § 2254 petition constitutes a failure to exercise jurisdiction or warrants the extraordinary remedy of mandamus. We are confident that the Magistrate Judge and District Court will issue rulings in due course.

We will thus deny Hershberger's mandamus petition without prejudice to his filing another mandamus petition if the District Court does not act without undue delay. We will also deny Hershberger's motion filed in this Court for rule to show cause.